## Case No. 17,853.

WILSON SEWING MACH. CO. v. JACKSON.

[1 Hughes. 295; [1] 4 Cent. Law J. 225.]

Circuit Court, D. Maryland. Feb. Term. 1877.

DEPOSITIONS DE BENE ESSE—ADMINISTRATION OF OATH.

1. Section 864. Rev. St. U. S.. is in derogation of the common law, and therefore its provi-

[1] [Reported by Hon. Robert W. Hughes, District Judge. and here reprinted by permission.]

sions must be strictly complied with in taking depositions de bene esse under it; the witness must be "carefully examined," and must be sworn to testify the "whole truth" on the entire subject-matter of the depositions, and not merely the whole truth in response to each of several interrogatories propounded to him.

2. As to the mode of administering the oath, it is sufficient in that respect to follow the directions of the statute law of the state of the United States where the depositions were taken.

[This was an action by the Wilson Sewing-Machine Company against Isabella Jackson, executrix of Samuel Jackson. Heard on motion for a new trial.]

William Daniel and A. Stirling, Jr., for plaintiff.

O. F. Bump and T. M. Lanahan, for defendant.

BOND, Circuit Judge. At the trial of this cause the plaintiff, in support of its claim, offered to read to the jury the deposition of the president, one Wilson, taken de bene esse. The defendant objected on the ground that the statute (Rev. St. U. S. § 864) had not been complied with, the deponent not having been properly cautioned and sworn, and the court sustained the objection, and refused to allow the deposition to be read. The verdict being for the defendant, the plaintiff makes this its motion for a new trial. It appears from the certificate of the notary who took the deposition, that in pursuance of the notice given he attended at the time and place appointed, and that William G. Wilson, a witness of lawful age, produced on the part of plaintiff, "being by me first duly sworn on interrogatories propounded to him, testified" as is set forth. Originally there followed after the word sworn the words, "on the Holy Evangels of Almighty God," but on cross-examination the witness stated he had not been so sworn, and the notary struck those words out of his certificate. At the close of the deposition the notary certifies that William G. Wilson "was by me first sworn to tell the truth, the whole truth, and nothing but the truth" touching the interrogatories propounded to him. and at the close of his certificate he certifies that the said Wilson "was by me sworn on the Holy Evangels of Almighty God." The statute of Illinois, the place where this deposition was taken, provides (Rev. St. 1874, c. 101): "It shall be lawful for any person empowered to administer an oath to administer it in the following form. The person swearing shall with his hand uplifted swear by the everliving God, and shall not be compelled to lay the hand on or kiss the Gospels." The supreme court of the United States has determined that the act of congress now expressed in section 864 of the United States Revised Statutes is in derogation of the common law, and must be strictly construed and complied with. It requires that the party about to testify shall be cautioned and sworn

to tell the whole truth, and be carefully examined. The first certificate of the notary is that he was duly sworn, and it is to be supposed from that statement that the witness was legally sworn; that is, that he took the oath prescribed by the statute of Illinois. But that is not sufficient. It must be certified in the form prescribed by the statute that witness was sworn to tell the whole truth; not merely that he should true answers make to the interrogatories propounded to him. But the second certificate of the notary is that the witness was first sworn to tell the truth, the whole truth, and nothing but the truth touching the interrogatories propounded to him. What the witness should have been sworn to do in this ex parte proceeding was to tell the whole truth as far as he knew it respecting the matter in controversy between the plaintiff and defendant. He might well have told the truth in answer to all questions propounded to him, and then have suppressed facts within his knowledge about which he was not interrogated, and yet those facts might have been of infinite importance to the defendant. But laying this aside, how was the witness sworn on this occasion? The notary further certifies that he was sworn on the Holy Evangels of Almighty God; the witness says he was not. If there be a statutory form of oath in the place where the witness is examined, that is the form to be used upon an examination under section 864 of Revised Statutes of the United States, unless the deponent expresses conscientious scruples respecting that form. If he expresses such conscientious scruples the oath which he regards as binding upon his conscience must be administered to him, and the commissioner or other examining officers must certify the reason which caused him to vary from the customary or statutory form of oath. But in this instance the notary certifies first, that he duly swore the witness; that is, according to the customary or statutory form; and then he certifies that he swore him according to another form, without alleging any conscientious objection to the statutory form on the part of the witness, and the witness states in his examination that he was not sworn on the Holy Evangels of Almighty God, as the notary certifies he was sworn. The notary had no authority to vary the customary form of oath unless the witness had conscientious scruples respecting that form, and we suppose he did so vary it because of the witness's scruples. If he did so do, the witness declares he was not sworn at all, and even if he were, the notary does not certify that under the form the witness was sworn to tell the whole truth.

There are other reasons filed for a new trial, but they all depend upon the disposition of this question respecting the admissibility of this deposition; except perhaps one, and that the verdict must stand. This motion is denied.

NOTE [from 4 Cent. Law J. 225]. This case shows the necessity of exercising great care on taking and certifying depositions de bene esse, to be used in the federal courts. The first case bearing on the leading proposition involved in it is that of Garrett v. Woodward [Case No. 5,253]. There the witness was affirmed to testify the truth concerning all the matters touching which he should be questioned. The deposition was rejected. The next case was that of Rainer v. Haines, Hemp. 689. There the witness was duly sworn to testify the truth in regard to the matters in controversy. The deposition was suppressed. The next case was that of Shutte v. Thompson, 15 Wall. [82 U. S.] 151. There it did not appear that the witness was sworn to testify the whole truth. The court held that this defect was sufficient to require the rejection of the deposition, but also decided that the objection had been waived. From this review of the authorities, it will be seen, that the principal proposition involved in this case is fully supported. The forms contained in reliable works on practice in the federal courts are in conformity with this doctrine.